

**FILE**
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE NOV 09 2017

_Jan Thust, CJ._
**CHIEF JUSTICE**

This opinion was filed for record

at _8:00 am_ on _Nov. 9, 2017_

_Susan L. Carlson_

**SUSAN L. CARLSON**
**SUPREME COURT CLERK**

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ANDREW PILLOUD, | ) | NO. 93786-9 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | EN BANC |
| | ) | |
| KING COUNTY REPUBLICAN | ) | |
| CENTRAL COMMITTEE and LORI | ) | Filed: ___NOV 09 2017___ |
| SOTELO, county chairman, King County | ) | |
| Republican Central Committee, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

FAIRHURST, C.J.—RCW 29A.80.061 requires political parties to elect, rather than appoint, legislative district chairs for each legislative district. Appellant Andrew Pilloud, acting pro se, seeks to enforce the statute against the King County Republican Central Committee (Committee), which, by bylaw, has long chosen to appoint its legislative district chairs. The King County Superior Court concluded that the statute violates a political party's right to free association under the First Amendment to the United States Constitution. Pilloud appealed this decision, and this court granted direct review.

At issue is whether the superior court erred in ruling that the statute is invalid under the First Amendment. Also at issue is whether the bill containing the statute violates the single subject or subject in title requirements of article II, section 19 of the Washington Constitution. We affirm the superior court and hold that RCW 29A.80.061 violates the Committee's freedom of association without reaching the other issues.[1]

## I. FACTS AND PROCEDURAL HISTORY

Pilloud sought direct review of a superior court order dismissing his mandamus petition and invalidating RCW 29A.80.061. The statute was enacted as an amendment to Engrossed Senate Bill 6453, the title of which was "AN ACT Relating to a qualifying primary." LAWS OF 2004, ch. 271. RCW 29A.80.061 provides:

> Within forty-five days after the statewide general election in even-numbered years, the county chair of each major political party shall call separate meetings of all elected precinct committee officers in each legislative district for the purpose of electing a legislative district chair in such district. The district chair shall hold office until the next legislative district reorganizational meeting two years later, or until a successor is elected.
>
> The legislative district chair may be removed only by the majority vote of the elected precinct committee officers in the chair's district.

The requirement that precinct committee officers elect district chairs is inconsistent with the Committee's bylaws, which provide that the Committee's chair appoints

---

[1] The Washington State attorney general submitted an amicus brief urging the court to invalidate the statute on freedom of association grounds and not to reach the other issues. Amicus Curiae Br. of State of Wash. at 4-5.

district chairs. Pilloud, a Republican precinct committee officer, filed a petition for a writ of mandamus in superior court, seeking an order enforcing RCW 29A.80.061.

The Committee answered, opposing the mandamus action on several grounds. It argued that the action was barred by collateral estoppel on the basis that a superior court invalidated former RCW 29.42.070 (1967), the predecessor of RCW 29A.80.061, on equal protection grounds in 1967. *State ex rel. Irwin v. Williams*, No. 684175 (King County Super. Ct. Sept. 15, 1967). The Committee also argued that the statute violates the single subject rule in article II, section 19 of the Washington Constitution and the right to free association under the First Amendment. The superior court denied the mandamus petition, ruling that under state law there was no right to vote on the election of legislative district chairs and that the Committee had no duty to call meetings to elect such chairs. The court did not reach the Committee's constitutional arguments. Pilloud appealed.

The Court of Appeals reversed and remanded for a determination of whether Pilloud was entitled to the writ of mandamus and, if so, whether RCW 29A.80.061 violates the First Amendment or the Washington Constitution. *Pilloud v. King County Republican Cent. Comm.*, No. 73303-6-I, at 6 (Wash. Ct. App. Mar. 14, 2016) (unpublished), http://www.courts.wa.gov/opinions/. The court held that Pilloud's action was not collaterally estopped by the 1967 ruling because the current statute

does not implicate the equal protection question at issue in the prior case.[2] *Id.* at 4-5. Neither party petitioned for this court's review.

On remand, the superior court ruled that RCW 29A.80.061 violates the First Amendment because it interferes with the internal structure of a political party. In its oral ruling, the superior court indicated that the outcome was governed by *Eu v. San Francisco County Democratic Central Committee*, 489 U.S. 214, 109 S. Ct. 1013, 103 L. Ed. 2d 271 (1989). The superior court dismissed Pilloud's mandamus petition without reaching the Committee's single subject argument.

Pilloud appealed two issues directly to this court: (1) whether RCW 29A.80.061 violates the First Amendment by specifying the manner in which an internal party office is filled and (2) whether Engrossed Senate Bill 6453, the bill containing RCW 29A.80.061, violates the single subject or subject in title requirements of article II, section 19 of the Washington Constitution. *See* LAWS OF 2004, ch. 271. We granted review of both issues. However, we decline to reach the second issue because it was not addressed by the superior court and is not necessary to resolve this appeal.

---

[2] The statute at issue in the 1967 case, former RCW 29.42.070, applied only to "class AA" counties. This classification triggered equal protection analysis. The current statute applies to the entire state, not just class AA counties. RCW 29A.80.061.

## II. ANALYSIS

**RCW 29A.80.061 unconstitutionally infringes on the Committee's freedom of association because it regulates the internal structure of the party absent a showing that such regulation is necessary to ensure fair and honest elections**

The First and Fourteenth Amendments protect the freedom of an individual to associate for the purpose of advancing beliefs and ideas. *E.g.*, *Elrod v. Burns*, 427 U.S. 347, 357, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976) (plurality opinion); *Cousins v. Wigoda*, 419 U.S. 477, 487, 95 S. Ct. 541, 42 L. Ed. 2d 595 (1975); *Kusper v. Pontikes*, 414 U.S. 51, 56-57, 94 S. Ct. 303, 38 L. Ed. 2d 260 (1973); *Nat'l Ass'n For the Advancement of Colored People v. Alabama ex rel. Patterson*, 357 U.S. 449, 460-61, 78 S. Ct. 1163, 2 L. Ed. 2d 1488 (1958).

Restrictions that limit a political party's discretion in how to organize itself, conduct its affairs, and select its leaders burden the party's right to free association. *Eu*, 489 U.S at 230. If a state election law burdens the rights of political parties and their members, it can survive constitutional scrutiny under the First and Fourteenth Amendments only if it advances a compelling state interest and is narrowly tailored to serve that interest. *Id.* at 222. A state has a compelling interest in preserving the integrity of its election process and, toward that end, may enact laws interfering with a party's internal affairs when necessary to ensure that elections are fair and honest. *Id.* at 231.

Laws that regulate a party's internal governance but do not implicate compelling state interests are unconstitutional under the First Amendment. *See, e.g., id.* at 232 ("[T]he State has not shown that its regulation of internal party governance is necessary to the integrity of the electoral process."); *Democratic Party of U.S. v. Wisconsin ex rel. La Follette*, 450 U.S. 107, 126, 101 S. Ct. 1010, 67 L. Ed 2d 82 (1981) (holding that the system of selecting delegates imposed by Wisconsin's open primary laws unconstitutionally infringed on the democrats' freedom of association); *Cousins*, 419 U.S. at 491 (holding the state did not have a compelling reason for exercising control over the Illinois democratic party's delegate selection process).

The Supreme Court struck down a state law regulating internal party governance in *Eu.* 489 U.S. at 230. In that case, a California statute required a party's central committee chair to rotate between residents of northern and southern California. *Id.* at 216. The Court struck down the law because it "limits a political party's discretion in how to organize itself, conduct its affairs, and select its leaders." *Id.* at 230. California argued that the law serves a "compelling 'interest in the democratic management of the political party's internal affairs.'" *Id.* at 232 (internal quotation marks omitted). But the Court held that was not a compelling interest because "the State has no interest in 'protect[ing] the integrity of the Party against the Party itself.'" *Id.* (alteration in original) (quoting *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 224, 107 S. Ct. 544, 93 L. Ed. 2d 514 (1986)).

Turning to the statute at issue, RCW 29A.80.061 provides, in pertinent part:

> Within forty-five days after the statewide general election in even-numbered years, the county chair of each major political party shall call separate meetings of all elected precinct committee officers in each legislative district for the purpose of electing a legislative district chair in such district.

The statute requires that the Committee *elect* district chairs, but the Committee bylaws require that the Committee *appoint* district chairs. The Committee's control over the selection of chairpersons is a matter of internal organization, analogous to the control over the geographic rotation of chairpersons held in *Eu* to be constitutionally protected. 489 U.S. at 232-33 ("[A] State cannot substitute its judgment for that of the party as to the desirability of a particular internal party structure."). Because the statute specifies the manner in which an internal office is filled, the statute interferes with the Committee's discretion in organizing itself and selecting its leaders. Therefore, the statute can survive constitutional scrutiny only if it is necessary to ensure fair and orderly elections.[3] *Id.* at 233 ("[A] State cannot justify regulating a party's internal affairs without showing that such regulation is necessary to ensure an election that is orderly and fair.").

---

[3] Pilloud argues that *Eu* does not entirely preclude a state's regulation of political parties, relying on *Marchioro v. Chaney*, 442 U.S. 191, 99 S. Ct. 2243, 60 L. Ed. 2d 816 (1979). In *Marchioro*, a Washington statute required parties to create a state central committee to perform limited functions such as filling vacancies on the party ticket and calling statewide conventions. *Id.* at 198-99. The Court upheld the statute because it did not require that the central committee make any "internal party decisions." Here, in contrast, RCW 29A.80.061 does control internal party decisions—by specifying the manner in which internal offices are filled. *Marchioro* is distinguishable from this case and does not contradict *Eu*.

Pilloud argues that the statute ensures fair and orderly elections by preventing the county committee from improperly directing the activities of the district committee to exceed campaign contribution limits. But he has not presented evidence to support this claim, and the argument itself lacks merit. Campaign finance laws treat county and district organizations as a single entity for purposes of contribution limits—therefore, the county committee cannot exceed its contribution limit by directing the activities of the district committee. *See* RCW 42.17A.405(4)(b). Because Pilloud fails to show the statute is necessary to ensure fair and orderly elections or otherwise advances a compelling state interest, the statute is unconstitutional.

## III. CONCLUSION

We affirm the superior court and hold that the statute violates the Committee's freedom of association because it regulates internal party governance without advancing a compelling state interest. The superior court properly dismissed Pilloud's mandamus petition because RCW 29A.80.061 is unconstitutional under *Eu* and therefore does not place a duty on county chairs to hold district chair elections. *See* 489 U.S. at 232-33; *Eugster v. City of Spokane*, 118 Wn. App. 383, 402, 76 P.3d 741 (2003) (requiring that a party be subject to a "clear duty to act" before issuing a writ of mandamus). The Committee offers several other arguments contending that RCW 29A.80.061 is unconstitutional as violative of article II, section 19 and equal

protection. We decline to reach these additional issues because they were not addressed by the superior court and are not necessary to resolve this appeal.

Fairhurst, C.J.

WE CONCUR:

_____          _____
                                   Wiggins, J.

_____          _____
Madsen, J.                         González, J.

_____          _____
Owens, J.                          Gordon McCloud, J.

_____          _____
Stephens, J.                       Yu, J.